Joe Shoong v. Commissioner. Rose Shoong v. Commissioner.
Shoong v. Commissioner
Docket Nos. 15475, 15476.
United States Tax Court
1948 Tax Ct. Memo LEXIS 165; 7 T.C.M. (CCH) 367; T.C.M. (RIA) 48095; June 14, 1948
Walter J. Renz, C.P.A., Russ Bldg., San Francisco, Calif., for the petitioners. B. H. Neblett, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: These two proceedings were consolidated for hearing and opinion. In Docket No. 15475 the respondent determined a deficiency in income tax for the year 1944 in the sum of $58,441.99; in Docket No. 15476 he determined a deficiency in income tax for the year 1944 in the sum of $61,841. In each of these proceedings practically the entire amount of the deficiency determined resulted in the respondent's disallowance of deductions on account of amortizable bond premiums taken by each petitioner in connection with the purchase, during the taxable year, of American Telephone & Telegraph Co. debenture bonds. The only issue presented for our decision *166 in each case is whether respondent erred in disallowing this deduction. [The Facts] A stipulation of facts was filed at the hearing which we incorporate herein by reference, including the exhibits thereto attached. At the hearing certain other exhibits were introduced in evidence which we also incorporate herein by reference. The pertinent facts are as follows: Petitioners are husband and wife and reside in Oakland, California. They filed separate returns for the taxable year with the collector of internal revenue for the first district of California on a community property basis. On June 21, 1944, petitioner, Joe Shoong, purchased American Telephone & Telegraph Co. 15-year 3% convertible debenture bonds due September 1, 1956, as follows: Face
Accrued
Amount
Basis
Cost
Commission
Interest
Total
$500,000
120 1/8
$600,625
$1,250.
$4,666.66
$606,541.66
In his income tax return for 1944 he reported adjusted gross income of $104,304.58, and deductions of $97,533.76, which latter amount included a claim of $81,879.94 amortization of bond premium on American Telephone & Telegraph Co. debenture bonds. The net income reported by petitioner, *167 Joe Shoong, for the taxable year was $6,770.82. On June 26, and 27, 1944, petitioner, Rose Shoong, purchased at prices ranging from 120-1/8 to 121-7/8, American Telephone & Telegraph Co. 15-year 3% convertible debenture bonds due September 1, 1956, as follows: Face
Accrued
Amount
Cost
Commission
Interest
Total
$500,000
$604,348.75
$1,250.
$4,902.92
$610,501.67
In her income tax return for 1944 petitioner, Rose Shoong, reported adjusted gross income of $100,927.43, and deductions of $96,235.84, which latter figure included a a claim of $85,607.29 as amortization of bond premiums on American Telephone & Telegraph Co. bonds. She reported a net income for the taxable year of $4,691.59. On January 8, 9, and 10, 1945, petitioner, Joe Shoong, sold, at prices ranging from 123-3/8 to 124, his American Telephone & Telegraph Co. debenture bonds, as follows: Face
Selling
Ins. &
Amount
Price
Interest
Commission
Tax
Postage
Net
$500,000
$617,262.50
$5,446.32
($1,250.)
($200.05)
($7.00)
$621,251.77
On January 10, 11, 12, 15, and 16, 1945, petitioner, Rose Shoong, sold, at prices ranging from 123 to *168 123-3/4, her American Telephone & Telegraph Co. debenture bonds, as follows: Face
Selling
Amount
Price
Interest
Commission
Tax
Net
$500,000
$616,522.50
$5,618.32
($1,252.50)
($250.45)
$620,637.87
These debenture bonds were issued under an indenture by the American Telephone & Telegraph Co. and City Bank and Farmers Trust Co., as trustee, dated September 1, 1941. This indenture provided that, at any time between January 1, 1942, and December 31, 1954, unless previously called for redemption, the debenture bonds were convertible into the capital stock of the company at a conversion price of $140 per share, payable by surrender of $100 principal amount of debenture bonds and payment to the company of $40 in cash for each share of capital stock to be issued upon conversion. It also provided that the company should have the option to redeem all or part of the bonds after September 1, 1942. The redemption price to and including August 31, 1944, was to be $107, plus accrued interest, and from August 31, 1944, to and including August 31, 1948, was to be $104, plus accrued interest. The entire issue of the debenture bonds was called for redemption *169 on September 1, 1947, at $104, plus interest. The average price of the capital stock of the American Telephone & Telegraph Co. on June 21, 1944, was 160-1/2 per share; on June 26, 1944, 160-1/2 per share; and on June 27, 1944, 160-3/4 per share. The price range of these debenture bonds from April 30, 1943, to August 29, 1947, was from 112-1/2 to 157-1/2. The price range of the common stock of the American Telephone & Telegraph Co. during the same period was from 147-1/4 to 199-5/8. During the same period the excess in the sale price of the debenture bonds ranged from $34.75 to $42.00. During the period April 30, 1943, to November 3, 1944, the selling price of Pacific Gas & Electric Co. (Cal.) First Ref. 3-3/4s bonds ranged from 107-7/8 to 112-7/8. During the period April 30, 1943, to July 3, 1947, the selling price of Consolidated Edison of N. Y. Inc., debenture bonds 3-1/2s, due April 1, 1956, ranged from 101-1/2 to 108-1/4. Standard and Poor's Monthly Bond Yield Index Public Utility Bonds Rated A-1 monthly averages during the years 1941 to 1947, inclusive ranged from 2.583 to 2.925. The bonds purchased by petitioners, Joe Shoong and Rose Shoong, were not part of the stock *170 in trade of the petitioners, or includible in any inventory of the petitioners at the close of the taxable year, or held by the petitioners primarily for sale to customers in the ordinary course of their trade or business. Petitioners did not, during the calendar year 1944, sell any of the bonds purchased by them, nor did they exercise their privilege of converting these bonds into capital stock of the company. In each deficiency notice respondent explained his disallowance of the deduction for amortization of bond premium as follows: "The deduction is disallowed since it is held that the amount does not represent amortizable bond premium. It is held that the consideration represents the value of the right to convert the bonds into capital stock of the company." Petitioner, in reliance upon information that they would be entitled to claim, in the year 1944, a deduction for amortization of the amount by which the cost exceeded the call price, purchased the bonds with the intention of making such a claim for a deduction for amortization and of selling the bonds after holding them for more than six months so that the gain, if any, upon the sale would be subject to tax as long term *171 capital gain. [Opinion] The principal issue presented for our decision in these cases has recently been decided by this Court in the case of (Promulgated June 2, 1948). On the authority of this case we decide in favor of the petitioners. On brief respondent contends for the first time that the commissions paid by the petitioners "are a part of the cost of the securities and are not deductible in any event as ordinary and necessary business expenses". Respondent does not elaborate this contention except by citing three cases including and . Petitioner correctly points out in reply that there is no question here presented as to whether these commissions should be capitalized or treated as expenses, but, rather, the question is whether, in the amortization of premiums, the commissions paid are to be treated as part of the purchase price. That such a treatment is proper, is recognized by respondent's Regulations 111, section 29.125-6. Since other minor adjustments not here in issue have been made in petitioners' income taxes for the taxable *172 year, Decision will be entered under Rule 50.